**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

STEPHEN H. SOKOLOWSKI and
CHRISTOPHER H. SOKOLOWSKI,
**Plaintiffs,**

v.

Case No._____

DIGITAL CURRENCY GROUP, INC.,
BARRY E. SILBERT, and
SOICHIRO "MICHAEL" MORO,
**Defendants.**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY
PROCEEDINGS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. ii

TABLE OF AUTHORITIES........................................................................................................ iii

TABLE OF TERMS................................................................................................................... v

PREFACE .................................................................................................................................. 1

I     BACKGROUND ................................................................................................................ 1

II    LEGAL STANDARD......................................................................................................... 3

III   ARGUMENT...................................................................................................................... 4

IV   CONCLUSION ................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Adam v. Jacobs,*
  950 F.2d 89 (2d Cir. 1991) ............................................................................................... 3

*Alden Corp. v. Eazypower Corp.,*
  294 F. Supp. 2d 233 (D. Conn. 2003) ................................................................................ 4

*Curtis v. Citibank, N.A.,*
  226 F.3d 133 (2d Cir. 2000) ........................................................................................... 3, 6

*Employers Ins. of Wausau v. Fox Ent. Grp., Inc.,*
  522 F.3d 271 (2d Cir. 2008) .............................................................................................. 4

*Etablissements Henry-Le Paute v. American Greiner Elecs.,*
  172 F. Supp. 228 (D. Conn. 1959) ..................................................................................... 5

*First City Nat'l Bank & Trust Co. v. Simmons,*
  878 F.2d 76 (2d Cir. 1989) ................................................................................................ 4

*Hilb Rogal & Hobbs Co. v. MacGinnitie,*
  No. 3:04-cv-1541, 2005 WL 441509 (D. Conn. Feb. 14 2005) ......................................... 4

*Landis v. North American Co.,*
  299 U.S. 248 (1936) ....................................................................................................... 3, 7

*Lihuan Wang v. Phoenix Satellite TV U.S., Inc.,*
  2014 WL 116220, at *2 (S.D.N.Y. Jan. 13 2014) .............................................................. 7

*Lippmann v. Rashkoff,*
  32 Conn. App. 187, 628 A.2d 624 (1993) .......................................................................... 7

*Moeller-Bertram v. Gemini Tr. Co., LLC,*
  No. 23-cv-2027, slip op. (S.D.N.Y. Apr. 29, 2024) ........................................................... 7

*National Equip. Rental, Ltd. v. Fowler,*
  287 F.2d 43 (2d Cir. 1961) ................................................................................................ 6

*Reliance Ins. Co. v. Six Star, Inc.,*
  155 F. Supp. 2d 49, 54-55 (S.D.N.Y. 2001) ...................................................................... 5

*Sekor v. Ridgefield Bd. of Educ.,*
  1 F. Supp. 2d 140 (D. Conn. 1998) .................................................................................... 7

*Semmes Motors, Inc. v. Ford Motor Co.*,
  429 F.2d 1197 (2d Cir. 1970) ............................................................................................. 6

*Sokolowski v. Digital Currency Group, Inc.*,
  No. 4:25-cv-00001-PJC (M.D. Pa.) ..........................................................................v, 1, 2, 5

## Statutes

73 Pa. Stat. Ann. §§ 201-1 to 201-9.3 (West 2023) (UTPCPL)...................................................... 4

Conn. Gen. Stat. § 42-110a et seq.(CUTPA) ......................................................................... passim

Conn. Gen. Stat. § 42-110g(f)..................................................................................................... 2

Conn. Gen. Stat. § 52-577............................................................................................................ 2

Conn. Gen. Stat. § 52-592............................................................................................................ 7

Fed. R. Civ. P. 1........................................................................................................................... 1

Fed. R. Civ. P. 7(b)(1) ................................................................................................................. 1

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 6

Fed. R. Civ. P. 32(a)(8) ............................................................................................................... 6

## TABLE OF TERMS

CM LLC .................................................................................... Cryptocurrency Management LLC

CUTPA .............................................................................. Connecticut Unfair Trade Practices Act,
Conn. Gen. Stat. § 42-110a et seq.

DCG .................................................................................................. Digital Currency Group, Inc.

Genesis ............................................................................................... Genesis Global Capital LLC

MDPA .............................................................................................. Middle District of Pennsylvania

MDPA Action ............................................................. *Sokolowski v. Digital Currency Group, Inc.*,
No. 4:25-cv-00001-PJC (M.D. Pa.)

Moro ............................................................................................. Soichiro "Michael" Moro

Silbert ............................................................................................................. Barry E. Silbert

UTPCPL .............................. [Pennsylvania] Unfair Trade Practices and Consumer Protection Law,
73 Pa. Stat. Ann. §§ 201-1 to 201-9.3 (West 2023)

v

**PREFACE**

Plaintiffs Stephen H. Sokolowski and Christopher H. Sokolowski ("Plaintiffs") respectfully move—pursuant to Fed. R. Civ. P. 1 , 7(b)(1), and the Court's inherent authority to control its docket—for an Order staying this action in its entirety until the earlier-action filed in the Middle District of Pennsylvania (hereinafter "MDPA"), *Sokolowski, et al. v. Digital Currency Group, Inc., et. al.*, No. 4:25-cv-00001-PJC (M.D. Pa.) (hereinafter the "MDPA Action"), is resolved on the merits. A proposed Order is lodged herewith. Plaintiffs file this Motion immediately after filing this Connecticut complaint.

**I    BACKGROUND**

**A  First-Filed MDPA Action.**

Plaintiffs filed the MDPA Action on January 2, 2025. The defendants there—the same three Defendants named here—moved to dismiss arguing, inter alia, that the Pennsylvania court lacks personal jurisdiction over Defendants Digital Currency Group (hereinafter "DCG"), Barry E. Silbert (hereinafter "Silbert"), and Soichiro "Michael" Moro (hereinafter "Moro"). Plaintiffs amended, Defendants moved again, Plaintiffs opposed, and briefing is ongoing. The MDPA court has already invested substantial judicial resources in becoming familiar with the pleadings and issues.

1

**B   Connecticut Filing to Preserve Claims.**

Under Connecticut law, most tort and statutory causes of action are governed by a three-year limitations period unless a specific statute provides otherwise. See Conn. Gen. Stat. § 52-577 (providing that no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of); see also (Connecticut Unfair Trade Practices Act (hereinafter, "CUTPA") claim must be brought "not later than three years after the occurrence of a violation"). The conduct at issue occurred in June–November 2022.

Defendants have aggressively opposed Plaintiffs in the Pennsylvania litigation by suggesting "sanctions" (*MDPA Action*, ECF No. 37, at 2) , accusing Plaintiffs of criminal "bankruptcy fraud" without Rule 9(b) particularity (*MDPA Action*, ECF No. 37, at 4-5) , and moving to dismiss the case by arguing—in part—that AI models tainted their claims (*MDPA Action*, ECF No. 37, at 2) .

Plaintiffs were compelled to file this protective action on May 29, 2025—as late as possible just weeks before the repose period lapses—to avert forfeiture should the MDPA court dismiss on personal jurisdiction. They also seek to preserve a remedy in the event Defendants attempt to indirectly procedurally dispose of the Pennsylvania lawsuit by first seeking to transfer it to Connecticut and, if successful, then pursuing an advantageous technical dismissal of the sole Pennsylvania UTPCPL claim in this forum. For example, after a transfer, Defendants might argue for dismissal of the Pennsylvania UTPCPL claim on grounds that choice-of-law principles, as applied by this Court, compel such a result; that its enforcement would violate Connecticut public policy; or that the claim fails to meet unique procedural or pleading standards imposed locally by this District for out-of-state statutory claims, any of which outcomes could leave

2

Plaintiffs without recourse for their Pennsylvania statutory rights if this protective Connecticut action were not maintained.

### C  Plaintiffs Do *Not* Seek Parallel Litigation.

Plaintiffs pledge that if the MDPA Action produces a final disposition—whether by judgment or dismissal with prejudice on the merits—Plaintiffs will voluntarily dismiss this case. They seek only to maintain this Court's jurisdiction should the Pennsylvania forum prove unavailable on the merits. If the Pennsylvania court dismisses the case due to a lack of personal jurisdiction, Plaintiffs will have permanently lost their life savings and will have no recourse to have their case heard in any jurisdiction.

## II   LEGAL STANDARD

District courts possess inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Staying a suit that is duplicative of a first-filed action is a well-settled exercise of that power. See *Curtis v. Citibank, N.A.*, 226 F.3d 133 138–39 (2d Cir. 2000) (recognizing that a district court may stay or dismiss the duplicative portions of a later-filed suit while preserving distinct, later-arising claims—thereby conserving judicial resources and preventing inconsistent judgments).

Under the first-to-file rule, "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience… or… special circumstances… giving priority to the second." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *First City*

3

*Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). The second-filed court must ordinarily dismiss, stay, or transfer the later action absent: (1) a balance-of-convenience showing favoring the second forum; or (2) special circumstances, such as bad-faith or anticipatory filing by the first filer. *Employers Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271 (2d Cir. 2008).

Where limitations concerns exist, courts in this District routinely choose a stay or a dismissal without prejudice to protect Plaintiff rights. See *Hilb Rogal & Hobbs Co. v. MacGinnitie*, No. 3:04-cv-1541, 2005 WL 441509 (D. Conn. Feb. 14 2005) (after applying the first-filed rule the court dismissed the second suit *without prejudice* but—critically—granted a right to re-open, underscoring that Connecticut courts protect a plaintiff's ability to pursue claims without being time-barred if the first forum proves unavailable).

## III   ARGUMENT

### A   This Case and the MDPA Action are "Substantially Identical."

Both actions feature the same three Defendants, the same two individual Plaintiffs, and arise from identical facts concerning Defendants' misrepresentations about Genesis's solvency. The Connecticut complaint simply substitutes Connecticut causes of action (fraud, CUTPA, negligent misrepresentation, conspiracy, aiding-and-abetting, unjust enrichment) for the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (73 Pa. Stat. Ann. §§ 201-1 to 201-9.3 (West 2023), "UTPCPL") count.

Where, as here, the parties, transaction, and relief sought are materially the same, the first-to-file rule applies. *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 236 (D. Conn. 2003) (quoting *Etablissements Henry-Le Paute v. American Greiner Elecs.*, 172 F. Supp. 228,

4

229 (D. Conn. 1959): "it is a general rule of comity that where two cases between the same parties, involving the same issues, are commenced in two federal courts, the action should proceed in the forum in which the case was first brought."

## B   No Recognized Exception to the First-Filed Rule Applies.

### 1.   Balance of Convenience.

Plaintiffs chose Pennsylvania as their preferred forum. Defendants cannot plausibly contend that Connecticut is more convenient when they are already actively defending the Pennsylvania action and have not moved to transfer. Convenience therefore favors allowing the first-filed MDPA Action to proceed.

### 2.   No Special Circumstances.

While Defendants have aggressively mentioned (but not actually moved for) "sanctions" in the Pennsylvania case (*MDPA Action*, ECF No. 37, at 2) for other supposed reasons, and may reply with that argument here, there is no forum-shopping or bad-faith anticipatory filing in either court. Plaintiffs filed here *second* and immediately filed this motion to stay—conduct courts treat as the opposite of forum shopping. See *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54-55 (S.D.N.Y. 2001) (finding no improper anticipatory filing or forum-shopping where the first-filed declaratory action preceded any direct threat of litigation and the parties had consented to New York jurisdiction). Therefore, no special circumstances permit deviation from normal process.

### C   A Stay Promotes Judicial Economy, Comity, and Uniformity

#### 1.   Judicial Economy.

Parallel litigation would duplicate discovery, motion practice, and possibly trial—wasting resources. See *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) ("the instances where the second court should go forward despite the protests of a party to the first action where full justice can be done, should be rare indeed.") *Curtis*, 226 F.3d 133 likewise stresses that staying a second suit promotes the "comprehensive disposition of litigation." In addition, any depositions, documents, or expert analyses exchanged in the MDPA Action, should it later be dismissed due to a lack of personal jurisdiction, can be re-used here under Fed. R. Civ. P. 26(b)(1) and 32(a)(8), so nothing done in the first forum is wasted if this Court must later proceed.

Additionally, delay might have subjected this Court to additional rounds of briefing as to whether specific claims were time barred.  Plaintiffs' filing now and request for stay allows the Court, should the case be heard, to decide solely on the merits rather than auxiliary timing issues.

#### 2.   Comity

Courts of coordinate jurisdiction and equal rank should exercise care to avoid interfering with each other's affairs. See *National Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43 (2d Cir. 1961).

### 3. Uniformity

Staying this action averts inconsistent rulings on identical facts. See *Landis*, 299 U.S. at

249 (expressly invoking its power "to stay proceedings in one suit until the decision of another"

to avoid conflicting outcomes**), *Sekor v. Ridgefield Bd. of Educ.*, 1 F. Supp. 2d 140 (D. Conn.

1998) (granted a stay to prevent inconsistent rulings between two courts).

### D   A Stay is the Best Mechanism that Preserves Plaintiffs' Connecticut Rights Without Prejudicing Defendants

An unconditional dismissal could irreparably forfeit Plaintiffs' Connecticut claims if the

MDPA court dismisses on non-merits grounds. In *Lippmann v. Rashkoff*, 32 Conn. App. 187, 628

A.2d 624 (1993), the court upheld a lower court's dismissal for *exactly the same reason* Plaintiffs

fear here. When a New York court dismissed their case for lack of personal jurisdiction, the

Connecticut court held that Conn. Gen. Stat. § 52-592 does not apply to time-barred cases filed

outside of Connecticut.

Transfer to the Southern District of New York is inappropriate because of the Defendants'

own actions. In *Moeller-Bertram v. Gemini Tr. Co., LLC*, No. 23-cv-2027, slip op. (S.D.N.Y. Apr.

29, 2024), the court granted Defendant DCG's motion to transfer a case resting upon similar

facts to the District of Connecticut. An argument from DCG that this case should be transferred

*out* at this time would be judicially estopped by its prior actions.

Furthermore, transfer to the Middle District of Pennsylvania is also inappropriate at the

current time because all Defendants have moved to dismiss the Plaintiffs' MDPA case, arguing

lack of personal jurisdiction (*MDPA Action*, ECF Nos. 24, 25, 37, 38). As the court wrote in

*Lihuan Wang v. Phoenix Satellite TV U.S., Inc.*, 2014 WL 116220, at *2 (S.D.N.Y. Jan. 13 2014):

7

"An action 'might have been brought' in another forum if venue would have been proper there and the defendants would have been amenable to personal jurisdiction in the transferee forum when the action was initiated." Clearly, all Defendants were not amenable to personal jurisdiction in Pennsylvania at the time this action was filed.

Staying, conversely, causes Defendants to suffer no prejudice and incur no costs: a stay freezes all discovery and motion practice here while the MDPA Action proceeds.

## IV    CONCLUSION

Plaintiffs remain committed to seeing the MDPA action through to its conclusion on the merits, and hope that this case will never need this Court's attention. For the reasons set forth above, Plaintiffs respectfully request that the Court stay all proceedings in this matter—including Defendants' obligation to answer or otherwise respond—pending final resolution of the MDPA Action. Upon that resolution, Plaintiffs shall promptly notify the Court and either move to lift the stay or voluntarily dismiss, consistent with the MDPA outcome.

Alternatively, Plaintiffs request that the court dismiss this case without prejudice and grant leave to reopen at any future time without being time-barred.

Dated: May 29, 2025

Respectfully submitted,

Stephen H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9800
steve@shoemakervillage.org

Christopher H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9804
chris@shoemakervillage.org

9